UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGED LABIB KARAS, | No. 2:20-cv-1488-JDP P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has paid the filing fee. As discussed below, plaintiff's complaint is dismissed with leave to amend.

<u>Screening Standards</u>

Federal courts are required to screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 55-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff's complaint contains contradictory allegations. The gist of the complaint is that the California Department of Corrections and Rehabilitation ("CDCR") has made an administrative error. Specifically, plaintiff claims CDCR has erred by labeling plaintiff's crime as a "violent" one, thereby limiting plaintiff's ability to gain post-sentence custody credit under California Penal Code section 2933.1. Plaintiff maintains that court documents and transcripts will confirm that he was convicted only of a "serious" felony and is a "non-violent" offender. By way of relief, plaintiff asks the court to declare him a non-violent offender, thus allowing him to earn credits and other benefits commensurate with being a non-violent felony offender. Were

plaintiff's allegations to end there, he would state a potentially cognizable Fourteenth Amendment due process claim. However, he also includes a Sixth Amendment claim, alleging that he was denied a fair criminal trial because he was not informed that the charges again him were violent in nature. The two claims cannot proceed together. If plaintiff intends to challenge the fairness of his criminal trial, he must do so by way of habeas corpus. If on the other hand, he maintains that he was not convicted of a violent felony, and that any error in so labeling him lies with CDCR, he may reallege that claim in an amended complaint.

### Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

1967)).

Finally, any amended complaint should be as concise as possible while meeting the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should not include procedural or factual background that has no bearing on his legal claims.

Accordingly, IT IS ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
2. failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: October 6, 2020

UNITED STATES MAGISTRATE JUDGE