UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGED LABIB KARAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CDCR, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:20-cv-01488-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 11 |

　　　　Plaintiff Maged Labib Karas is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. His initial complaint was dismissed with leave to amend on October 7, 2020. ECF No. 8. He has now filed an amended complaint that alleges that the California Department of Corrections and Rehabilitation violated his due process rights by improperly classifying him as a violent offender under California state law, thereby affecting his credit-earning status. ECF No. 11 at 3, 16. I find, for the reasons stated below, that plaintiff's amended complaint should be dismissed without leave to amend.

　　　　　　　　　　　　　　　Screening and Pleading Requirements

　　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

In order to state a section 1983 claim, a plaintiff must allege that defendants acted under color of law and that their conduct deprived him of a constitutional right. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Here, plaintiff alleges that he has been improperly deprived of post-sentence credits under California Penal Code section 2933.1[1]

---

[1] This provision of the penal code provides, in relevant part, that:

> Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue

1   because defendants have wrongfully determined that he is a violent offender within the meaning
2   of California Penal Code § 667.5(c)(8).  There is no constitutional right to a particular inmate
3   classification status.  *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987).  Neither
4   does the inability to earn good-time credits create a liberty interest under the Due Process clause.
5   *See Ashby v. Lehman*, 307 F. App'x 48, 49 (9th Cir. 2009) ("Ashby lacks a constitutionally-
6   protected liberty interest in earning early release time credits, and he therefore was not entitled to
7   the protections of due process before he was deprived of his ability to earn the credits.").

8       Plaintiff might still be able to state a claim if California state law creates a liberty interest
9   in earning prisoner credits.  *Hewitt v. Helms*, 459 U.S. 460, 466 (1983) ("Liberty interests
10  protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause
11  itself and the laws of the States.").  In the prison context, the Supreme Court has held that state-
12  created liberty interests are limited to "freedom from restraint which, while not exceeding the
13  sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of
14  its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to
15  the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  The Ninth
16  Circuit has not had occasion to decide whether California Penal Code § 2933, as amended in
17  2010, creates a liberty interest.  *See Edwards v. Swarthout*, 597 F. App'x 914, 916 (9th Cir. 2014)
18  ("We have not yet had occasion to decide whether § 2933, *as amended*, creates a liberty
19  interest.").  In the interim, other district courts have rejected claims similar to plaintiff's.  *See*
20  *Christ v. Blackwell,* 2016 U.S. Dist. LEXIS 102825, *37 (E.D. Cal. 2016) ("It is currently an
21  open question in the Ninth Circuit whether California's scheme of worktime credits under
22  California Penal Code § 2933, as amended in 2010, gives rise to a liberty interest.  Absent any
23  further direction from the Ninth Circuit . . . the court finds that plaintiff here has failed to
24  establish that the deprivation of worktime credits deprived him of a protected liberty interest
25  because he has not provided any evidence that the credits that were revoked would have

---

27      no more than 15 percent of worktime credit, as defined in Section 2933.
28  Cal. Penal Code §§ 2933, 2933.1(a).

3

shortened his sentence if left in place."); *Mousa v. Trump Admin.*, No. 1:19-cv-01349-LJO-SAB, 2019 U.S. Dist. LEXIS 198709, *16 (E.D. Cal. Nov. 15, 2019) ("Plaintiff's allegation that he is being denied the ability to earn custody credits at a higher rate fails to state a due process claim."); *Hunter v. Cal. Dep't of Corr. & Rehab.*, No. 2:19-cv-01588-WBS-CKD, 2020 U.S. Dist. LEXIS 54135, *4 (E.D. Cal. 2020) ("To the extent that petitioner asserts that he has a state created liberty interest in earning good time credits at 20% rather than 15%, this does not create a federal due process claim for relief."); *Austin v. Sherman*, No. 1:18-cv-01630-BAM, 2020 U.S. Dist. LEXIS 78270, *11 (E.D. Cal. 2020) ("Plaintiff's contention that his due process rights were violated because he was denied the opportunity to earn credits at a greater rate under California Penal Code § 2933 does not support a constitutional claim.").

    For the reasons above, I recommend that plaintiff's amended complaint (ECF No. 11) be dismissed without leave to amend for failure to state a claim. I find that granting further leave to amend is unwarranted. Short of changing the fundamental basis of his claim, plaintiff cannot make his claim cognizable. Accordingly, it is ordered that the Clerk of Court shall assign a district judge to rule on these findings and recommendations.

    This recommendation will be submitted to a U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 27, 2021                               
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

5